

**STATE OF LOUISIANA**
DEPARTMENT OF JUSTICE
OFFICE OF THE ATTORNEY GENERAL
P.O. BOX 94005
BATON ROUGE, LA
70804-9005

LIZ MURRILL
ATTORNEY GENERAL

August 15, 2024

**VIA ECF**
Lyle W. Cayce
Clerk of Court
United States Court of Appeals, Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, Louisiana 70130-3408

    Re:   *Charles v. LeBlanc*, No. 24-30484 (5th Cir.)

Dear Mr. Cayce:

    I write in regard to Defendants-Appellants' (collectively, the State) Motion for Administrative Stay and for Stay of the District Court's Orders Pending Appeal, ECF No. 16. When the State filed its Motion on August 12, the Court unquestionably had jurisdiction over this appeal. Plaintiffs do not dispute this fact in their opposition brief filed yesterday, August 14. *See* ECF No. 28 (Opp.). In a contemporaneous district court filing, Plaintiffs also agree that issues presented in this appeal "are live issues in *Parker v. Hooper*, No. 23-30825 [(5th Cir.)]." Dist. Ct. ECF No. 788 (Rule 59 Mot.) at 21.

    Plaintiffs claim, however, that they successfully divested this Court of jurisdiction by yesterday filing—in conjunction with an opposition to the State's stay motion in the district court—an alternative motion under Federal Rules of Civil Procedure 52 and 59 to amend or alter the district court's Remedial Order. *See* Opp. at 4–7 (citing Fed. R. App. P. 4(a)(4)(B)(i)). That alternative motion urges the district court to take extensive corrective measures that, in Plaintiffs' view, would "moot" this appeal. *See id.* at 6; Rule 59 Mot. at 21–22 (outlining measures). Based on that now-pending alternative motion, Plaintiffs principally urge the Court to deny the State's Motion for lack of jurisdiction.



STATE OF LOUISIANA
DEPARTMENT OF JUSTICE
OFFICE OF THE ATTORNEY GENERAL
P.O. BOX 94005
BATON ROUGE, LA
70804-9005

LIZ MURRILL
ATTORNEY GENERAL

Plaintiffs' effort to insulate the district court's Remedy Opinion, Remedial Order, and Judgment from this Court's review betrays the defects in those orders. Plaintiffs also are mistaken insofar as they believe that their proposed corrective measures—if the district court entertains them—could save the orders from reversal. *Compare* Ruling, *Lewis v. Cain*, No. 15-318-SDD-RLB (M.D. La. Dec. 4, 2023), ECF No. 795 (*Parker* district court rejecting a materially identical request: "[Plaintiffs] urge the Court to clarify its prior remedial order to cure deficiencies not yet established. The Court declines. The matter is properly before the Fifth Circuit, and the Court will not invade the province of the appellate court to anticipate how it might, or might not, rule.").

In the interests of conserving this Court's time and resources, however, the State respectfully asks the Court to hold this appeal—and its decision on the State's Motion—in abeyance until the district court resolves Plaintiffs' alternative motion under Rules 52 and 59. There is no question that "a notice of appeal filed before a timely filed Rule 59 motion is sufficient to bring the underlying case to the court of appeals." *Palacios v. Stephens*, 723 F.3d 600, 603 (5th Cir. 2013). And, if necessary, the State will file a timely amended notice of appeal to ensure appellate jurisdiction over any subsequent district court order. *See Wall Guy v. FDIC*, 95 F.4th 862, 868–71 (4th Cir. 2024).

At the same time, the State respectfully notes that it may be forced to invoke mandamus or other appropriate relief in this Court if the district court effectuates its Remedy Opinion, Remedial Order, and Judgment without ruling on Plaintiffs' alternative motion. That would happen if, for example, the district court appoints special masters, which may happen as early as August 17 and would trigger a series of compliance and cost obligations. *See* Mot., Ex. C at 2–3, 15 (requiring, among other things, the State to give special masters unfettered access



STATE OF LOUISIANA
DEPARTMENT OF JUSTICE
OFFICE OF THE ATTORNEY GENERAL
P.O. BOX 94005
BATON ROUGE, LA
70804-9005

LIZ MURRILL
ATTORNEY GENERAL

to facilities, records, employees, and inmates). In such a scenario, the State would be in a legally untenable position: It would suffer material harm from an injunction—yet, in Plaintiffs' view, the State could not invoke this Court's appellate jurisdiction and seek a stay since (in this hypothetical) their alternative motion would remain pending. That extraordinarily wrong state of affairs would compel the State to seek extraordinary relief from this Court. *See, e.g., In re Radmax, Ltd.*, 720 F.3d 285, 290 (5th Cir. 2012) ("The petition for writ of mandamus and Radmax's motion for stay of proceedings in the district court are GRANTED.").

For that reason, and out of an abundance of caution, the State respectfully requests that the Court's abeyance order make clear that it is without prejudice to any request by the State for extraordinary or other appropriate relief if the district court attempts to effectuate its Remedy Opinion, Remedial Order, and Judgment prior to ruling on Plaintiffs' alternative motion.

Respectfully submitted,

*/s/J. Benjamin Aguiñaga*
J. Benjamin Aguiñaga
   Solicitor General of Louisiana

*Counsel for Appellants*

cc:   All Counsel (via ECF)